[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10662
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20533-PAS

JULIO CESAR LUBIAN, M.D.,
ILEANA MASTRAPA, M.D., et al.,

                                                          Plaintiffs-Appellants,

versus

REPUBLIC OF CUBA,
State sponsor of terrorism,
BOLIVARIAN  REPUBLIC OF VENEZUELA,
State in collaboration with such States sponsors of terrorism as Cuba and Iran,
PETROLEOS DE VENEZUELA, S.A. (PDVSA),
commercial agency owned by the Venezuelan state,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs, Cuban medical professionals who allege they were kept in positions of forced labor in Venezuela, appeal the district court's dismissal of their claims on the basis that it lacked subject matter jurisdiction because Plaintiffs are foreign citizens and Defendants are foreign sovereignties. On appeal, Plaintiffs contend that the district court has jurisdiction pursuant to the Foreign Sovereignties Immunity Act ("FSIA").[1] The district court was correct in its finding that none of the FSIA exceptions apply to Plaintiffs claims and that the FSIA is the sole source of jurisdiction for claims between foreign citizens and foreign sovereignties. Thus, we affirm the district court's dismissal of all of Plaintiffs' claims.

The FSIA entitles foreign states immunity from the jurisdiction of United States courts unless a statutory exception applies. 28 U.S.C. § 1604; Saudi Arabia

---

[1] Plaintiffs also argue that the court has jurisdiction under the Alien Tort Claims Act ("ATCA"), the laws of the state of Florida, the laws of both Venezuela and Cuba, 28 U.S.C. § 1331, and 28 U.S.C. § 1367. Because the FSIA is the sole source of jurisdiction over a foreign state in our courts, we need not address these other arguments. See Argentine Republic v. Amereda Hess Shipping Corp., 488 U.S. 428, 435–38, 109 S. Ct. 683, 688–90 (1989). Further, the Supreme Court has explicitly rejected the argument that the ATCA provides a basis for jurisdiction over a foreign state. Id. Plaintiffs raise additional arguments in their brief that are, at their core, additional arguments that jurisdiction existed. Because we conclude that no FSIA statutory exception is met, we need not address those arguments either.

v. Nelson, 507 U.S. 349, 351, 113 S. Ct. 1471, 1474 (1993). The act defines "foreign states" to include agencies and instrumentalities of such states. 28 U.S.C. § 1603(a). It is the sole source of jurisdiction over a foreign state in our courts. Argentine Republic v. Amereda Hess Shipping Corp., 488 U.S. 428, 435–38, 109 S. Ct. 683, 688–90 (1989). Venezuela is a foreign state and Plaintiffs concede that Petróleos de Venezuela, S.A. ("PDVSA"), is an "agency or instrumentality" of Venezuela, and therefore a "foreign state" within the meaning of the FSIA. See 28 U.S.C. § 1603(a), (b). Thus, both are entitled to immunity unless one of the FSIA's statutory exceptions applies.

Plaintiffs argue that the court has jurisdiction because two statutory exceptions to the FSIA—the commercial activity exception, 28 U.S.C. § 1605(a)(2), the terrorism exception, § 28 U.S.C. 1605A—apply. The commercial activities exception of the FSIA does not apply, both because the actions complained of are not commercial in nature and because they do not have a direct effect on the United States. The terrorism exception does not apply because none of its requirements are met in this case.

Courts have jurisdiction over a foreign state and its agencies or instrumentalities if the cause of action is "based . . . upon an act outside the territory of the United States in connection with a commercial activity of the

3

foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). Plaintiffs' underlying claims are for false imprisonment and forced labor—activities related to the exercise of police powers—and are not commercial in nature. See Nelson, 507 U.S. at 361–62, 113 S. Ct. at 1479–80 ("The conduct boils down to abuse of the power of its police by the Saudi Government, and however monstrous such abuse undoubtedly may be, a foreign state's exercise of the power of its police has long been understood for purposes of the restrictive theory as peculiarly sovereign in nature. Exercise of the powers of police and penal officers is not the sort of action by which private parties can engage in commerce.") (internal citations omitted).

Additionally, the acts alleged here have no direct effect in the United States. A direct effect within the meaning of the FSIA is one that follows "as an immediate consequence of the defendant's . . . activity." Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 618, 112 S. Ct. 2160, 2168 (1992) (quotations and citation omitted). Plaintiffs claim there is a direct effect on the United States because the work of the Cuban medical professionals creates an inflow of oil and money to Cuba, which is in turn used to finance an army that is a direct threat to the United States. They also argue that any actions of PDVSA have an effect on the United States because they sell petroleum here and because American

4

consumers pay a higher price for gas as a result of the agreement between Cuba and Venezuela. None of these allegations plead the type of direct effect on the United States required by § 1605(a)(2).

It is not clear whether Plaintiffs intend to appeal the ruling that the terrorism exception of the FSIA was not met, because they make only passing mention of it in their brief on appeal. However, even if this claim is raised on appeal, it is unpersuasive. The district court was correct in its conclusion that "[n]one of the requirements of the terrorism exception" pertain. Section 1605A applies only to claims for "personal injury or death" arising from acts of "torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act" perpetrated by agents of a foreign state. 28 U.S.C. § 1605A(a)(1). Plaintiffs do not assert any "personal injury or death" claims. Furthermore, even if plaintiffs' claim fell within § 1605A, the district court correctly found that three of 1605's additional requirements were not met: (1) the foreign state must have been designated a "state sponsor of terrorism" when the predicate act occurred, 28 U.S.C. 1605A(a)(2)(A)(i)(I); (2) the claimant or victim must, at the time the predicate act occurred, have been a citizen, soldier, or employee of the United States, 28 U.S.C. 1605A(a)(2)(ii); and (3) the claimant must have afforded the foreign state a reasonable opportunity to arbitrate before

bringing suit, 28 U.S.C. 1605A(a)(2)(iii). The district court was correct in finding that none of these requirements was satisfied.

The district court was correct in its determination that no statutory exception to the FSIA is applicable and that, therefore, our courts lack subject matter jurisdiction over Plaintiffs' claims. Accordingly, we affirm.

**AFFIRMED**.